**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PRL USA HOLDINGS, INC.,
    Plaintiff,

v.

MIR APPAREL, LLC, et al.,
    Defendants.

Civil Action No.
1:21-cv-01936-SDG

## OPINION AND ORDER

This case is before the Court on cross motions for summary judgment. After careful consideration of the record and with the benefit of oral argument, Plaintiff's motion [ECF 49] is **GRANTED** as to Khaled Mir and **DENIED** as to Mir Apparel. Defendants' motion [ECF 52] is **DENIED** in its entirety.

**I.      Background**

Unless otherwise noted, the following facts are undisputed or are supported by undisputed evidence in the record. In 2021, Defendant Khaled Mir pled guilty to one count of Trafficking in Counterfeit Goods under 18 U.S.C. § 2320(a).[1] He has since admitted to selling counterfeit Ralph Lauren products.[2] Seeking to recover

---

[1]  *United States of America v. Khaled Mir*, Case Number 1:19-CR-524-01-TWT; ECF 50-2, at 2.

[2]  ECF 49-8, Ex. 3 ¶¶ 7, 11.

damages premised on the underlying criminal case, PRL USA Holdings, Inc., a subsidiary of Ralph Lauren Corporation, filed this case naming as defendants both Khaled Mir and Mir Apparel, which Plaintiff contends is Khaled Mir's business entity.

Mir Apparel is a wholesale clothing store that sells women's clothing.[3] The parties dispute many facts related to Mir Apparel. First, Plaintiff asserts that Mir Apparel operates out of two locations: 5758/5760 Buford Highway, Doraville, Georgia (the Doraville Location) and 2292-A Chamblee-Tucker, Road, Chamblee, Georgia (the Chamblee Location).[4] Plaintiff contends that the Doraville location is the Mir Apparel retail store, and the Chamblee location is the warehouse.[5] According to Plaintiff, Khaled Mir runs and operates Mir Apparel, despite the fact that his wife, Rumana Mir, is identified as the CEO.[6] Plaintiff claims that: the Chamblee Location and the Doraville Location share employees and office resources, Khaled Mir has access to Mir Apparel's email accounts and bank accounts, and employees from the retail location refer to him as their "boss."[7]

---

[3]   ECF 52-2, ¶ 1.

[4]   ECF 49-2, ¶¶ 25–26.

[5]   *Id.*

[6]   *Id.* at ¶¶ 29–30.

[7]   *Id.*

Defendants, on the other hand, contend that Mir Apparel is a retail clothing store only at the Doraville Location, which is run by Rumana Mir.[8] The Chamblee Location, Defendants contend, is run by an entirely separate entity—the Welkin Group—which is owned and operated by Khaled Mir.[9] According to Defendants, Mir Apparel and the Welkin Group are completely separate businesses. Rumana Mir runs Mir Apparel at the Doraville Location, the operations of which have nothing to do with her husband, Khaled Mir.

During the course of the criminal investigation into Khaled Mir, investigators made a series of undercover purchases. Specifically, on June 5, 2018, August 1, and March 6, 2019, investigators purchased counterfeit Ralph Lauren products, totaling over $3,000, at the Chamblee Location.[10] Plaintiff asserts that, on March 29, 2019, an undercover purchase of counterfeit Ralph Lauren products was also made at the Doraville Location.[11] However, Defendants contend that Mir Apparel has never purchased nor sold Ralph Lauren products, nor stored its merchandise at the Welkin Group/Chamblee location.[12] On May 7, 2019, deputies

---

[8] ECF 52-2, ¶¶ 3, 5.

[9] *Id.* ¶¶ 25–26.

[10] ECF 49-2, ¶¶ 31–33.

[11] *Id.* at ¶ 35.

[12] ECF 52-2, ¶¶ 30–34.

from the Fulton County Sheriff's Department executed a search warrant at the Chamblee Location and Doraville Location. Counterfeit Ralph Lauren products were seized from the Chamblee location, but none were found at the Doraville Location.[13]

## II.     Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

---

[13]   ECF 49-2, ¶ 37; ECF 49-10, ¶ 12.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the Court in evaluating summary judgment. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.  Discussion**

Plaintiff brought claims against Defendants for trademark infringement and unfair competition under the Lanham Act, and for related claims under the statutory and common laws of Georgia.[14] Plaintiff argues first that summary judgement is appropriate as to Khalid Mir based on the underlying criminal conviction and his subsequent admissions and second, that summary judgment is

---

[14]  ECF 1.

appropriate as to Mir Apparel based on the actions of Khaled Mir. Defendants move for summary judgment only as to Mir Apparel.[15] Their motion is based primarily on the contention that Plaintiff has failed to put forth any evidence that Mir Apparel used the Ralph Lauren trademarks in commerce. Because these motions are premised on the same set of underlying facts, the Court will consider them in tandem.

Plaintiff brought four claims: (1) Trademark Infringement and Counterfeiting under the Lanham Act (15 U.S.C. § 1114); (2) False Designation of Origin and False Descriptions under the Lanham Act (15 U.S.C. § 1125(a)); (3) Violations of Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370, *et seq.*); and (4) Common Law Trademark Infringement and Unfair Competition.[16] Under the Lanham Act, a defendant is liable for counterfeiting and trademark infringement, and for unfair competition and false designation of origin

---

[15] ECF 52-1.

[16] The same analysis applies to Plaintiff's state law claims (violations of the Georgia Statutory Unfair Competition law, Georgia Uniform Deceptive Trade Practices Act, and common law trademark infringement and unfair competition). *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 n.11 (11th Cir. 2007) ("Because the analysis of a Georgia unfair competition claim is 'co-extensive' with the analysis of a Lanham Act claim, *see Step Co. v. Consumer Direct, Inc.*, 936 F. Supp. 960, 967 (N.D. Ga. 1994), [Defendant] was entitled to partial summary judgment on [Plaintiff's] Georgia unfair competition claim as well.").

if he, without consent, uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. To prevail on such a claim, "the registrant must show (1) its mark was used in commerce by the defendant without the registrant's consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007).

Defendants do not dispute that Ralph Lauren's trademarks are valid and entitled to protection.[17] Instead, they claim only that Plaintiff put forth no evidence that Mir Apparel used the Ralph Lauren marks in commerce.[18] Conversely, Plaintiff argues that there is undisputed evidence that Mir Apparel used its mark in commerce and that because the goods are counterfeit, their sale necessarily causes confusion amongst consumers. The Court finds there to be no dispute of material fact as to Khaled Mir, but concludes that a material dispute does exist regarding whether Mir Apparel used Ralph Lauren's marks in commerce.

---

[17] ECF 52-1, at 9 ("There is no dispute that Ralph Lauren holds a valid trademark.").

[18] *Id.*

### *i.* **Khaled Mir's criminal conviction.**

The use of a criminal conviction as conclusive of an issue in subsequent civil litigation is well established in this Circuit. *Wolfson v. Baker,* 623 F.2d 1074, 1080 (5th Cir. 1980), *cert. denied* 450 U.S. 966 (1981)*; see also Matter of Raiford v. Abney,* 695 F.2d 521, 523 (11th Cir. 1983). When a defendant pleads guilty in a criminal case, he admits the details of his involvement and the court "must accept these facts as proven." *BankAtl. v. Coast to Coast Contractors*, 22 F. Supp. 2d 1354, 1358 (S.D. Fla. 1988). "Use of a criminal conviction is well justified because of the higher standard of proof and greater procedural protections attaching to a defendant in a criminal prosecution." *Refined Sugars Inc. v. S. Commodity Corp.*, 709 F. Supp. 1117, 1120 (S.D. Fla. 1988). More specifically to this case, Section 2320 (the criminal code section to which Khaled Mir pled guilty) "is narrower in scope than the Lanham Act" and is implicated when a defendant "knowingly uses a counterfeit mark on or in connection with such goods or services." *U.S. v. Torkington*, 812 F.2d 1347, 1350 (11th Cir. 1987); 18 U.S.C § 2320(a)(1).

Khaled Mir pled guilty to trafficking counterfeit goods under 18 U.S.C. § 2320(a).[19] In discovery in this case, he admitted to selling counterfeit Ralph

---

[19]   ECF 49-1, at 16; ECF 50.

Lauren products.[20] Defendants' only basis for opposing summary judgment as to Khaled Mir is their contention that the use of the mark has not caused confusion—or at least that Plaintiff has failed to show as much. But, as discussed in detail below, there is a presumption that counterfeit goods cause confusion. In fact, that is the entire point of a counterfeit good. Defendants have not rebutted this inference.

### ii.  Ralph Lauren counterfeit products necessarily cause confusion in the marketplace.

This Circuit considers seven factors to determine whether customer confusion is likely to occur under the Lanham Act: (1) the type of mark; (2) the similarity of the mark; (3) the similarity of the products the mark represents; (4) the similarity of the parties' retail outlets and customers; (5) the similarity of advertising media; (6) the defendant's intent; and (7) any actual confusion. *Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 935 (11th Cir. 2010) (quoting *Frehling Enters. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999)). None of the seven factors are dispositive, "but greater weight is given to the type of mark and evidence of actual confusion." *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1305 (N.D. Ga. 2017) (quoting *Dieter v. B & H Indus.*

---

20   ECF 49-8, at 36 ¶¶ 7, 11.

*of Sw. Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989)). However, a finding of actual confusion is "obviously not a prerequisite to a finding of likelihood of confusion." *Wreal, LLC v. Amazon.com, Inc.*, 38 F.4th 114, 137 (11th Cir. 2022). Importantly for this case, "[g]enerally, the sale or advertising of counterfeit goods causes consumer confusion and precludes the need to undertake a likelihood of confusion analysis." *Coach, Inc. v. Beka*, No. 5:11-CV-371 (MTT), 2012 WL 5398830, at *3 (M.D. Ga. Nov. 2, 2012); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (declining to conduct a likelihood-of-confusion analysis, noting that "counterfeits, by their very nature, cause confusion").

The former Fifth Circuit has also noted that, if "a plaintiff can show that a defendant adopted a mark with the intent of deriving benefit from the reputation of the plaintiff, that fact alone 'may be sufficient to justify the inference that there is confusing similarity.'" *Exxon Corp. v. Texas Motor Exch. of Houston, Inc.*, 628 F.2d 500, 506 (5th Cir. 1980) (citing Restatement of Torts § 729, Comment f (1938)). *See also Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1252, 1262 (S.D. Fla.), *modified*, 206 F. Supp. 2d 1270 (S.D. Fla. 2002) ("I presume that the counterfeit items caused public confusion in the marketplace, as the counterfeit marks and the genuine marks are substantially identical both in design and use and it is undisputed that the counterfeit marks were sold to the public."). Counterfeit goods are, by

definition, "made to look genuine in an effort to deceive; produced by fakery, especially with an intent to defraud." *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining 'Counterfeit').

Here, Khaled Mir pled guilty to trafficking *counterfeit* goods. During discovery in this case, he admitted to trafficking counterfeit Ralph Lauren products.[21] Accordingly, there is no legitimate question as to whether the counterfeit Ralph Lauren products Khaled Mir admitted to selling, products that are at issue in this case, caused confusion—that is the nature of counterfeit products.[22] There is no dispute of fact regarding confusion, thus establishing the second element of a trademark infringement claim.

Summary judgment in favor of Plaintiff as to Khaled Mir is appropriate.

---

[21] ECF 49-1, at 16; ECF 50.

[22] During oral argument, Defendants' counsel raised an argument regarding the authenticity of the product photos contained in Plaintiff's motion. However, on summary judgment, a party is not required to furnish evidence in admissible form—it need only be capable of being reduced to admissible form at trial. *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005). Defendants have made no argument that the products cannot be reduced to admissible form. In any event, this argument was not raised in briefing and thus, is not properly before the Court.

### *iii.* **There is a dispute of material fact as to whether Mir Apparel used the Ralph Lauren marks in commerce.**

Defendants move for summary judgment as to Mir Apparel on the ground that Plaintiff failed to present any evidence that Mir Apparel sold any counterfeit Ralph Lauren products. Conversely, Plaintiff moves for summary judgment as to Mir Apparel arguing that the Chamblee Location ostensibly run by the Welkin Group is really a Mir Apparel location run by Khaled Mir, and since counterfeit products were seized at the Chamblee Location during execution of the search warrant, Mir is liable.[23] Plaintiff alternatively contends that, even if the Court were to determine that the Welkin Group is a separate entity from Mir Apparel and that Mir Apparel has no association with the Chamblee Location, summary judgment against Mir Apparel is still appropriate because there is indisputable evidence that counterfeit Ralph Lauren products were purchased from the Doraville Location during an undercover buy on March 29, 2022.[24] The Court finds there are material disputed facts with respect to both parties' theories.

First, there is contradictory evidence regarding whether the Doraville Location ever sold Ralph Lauren products. In support Plaintiff submitted the

---

[23]   ECF 49-1, at 17-18.

[24]   ECF 62, at 11.

declaration of Wayne Grooms, an investigator who conducted an undercover buy on March 29, 2022 at the Doraville Location.[25] However, Plaintiff did not include any of the supposedly purchased counterfeit products in the summary judgment record.[26] And, an accounting of the products seized by the Department of Homeland Security at the Doraville Location during execution of the search warrant does not list any Ralph Lauren products.[27] Further, Defendants have submitted deposition testimony from Rumana Mir and Mir Apparel employees stating that Mir Apparel never sold Ralph Lauren products, real or fake.[28] For example, Mir Apparel employee Kamal Hossain stated that he has never seen Ralph Lauren products at Mir Apparel.[29] This is a prototypical factual and credibility dispute that must be resolved by a jury.

Second, there is a dispute of material fact regarding the location(s) of Mir Apparel. This distinction is material because Plaintiff sued only Mir Apparel, not the Welkin Group. Plaintiff contends that Mir Apparel has two locations: the

---

[25] ECF 49-2, ¶ 36.

[26] ECF 67 ("The Accused Products purchased from the store owned by MIR Apparel, LLC on March 29, 2019 are not in the summary judgment record.").

[27] ECF 52-6, at 6-7.

[28] ECF 52-3, at 34-35; ECF 52-2, ¶ 33.

[29] ECF 49-6, at 19.

Chamblee Location serves as the warehouse and the Doraville Location serves as a retail store.[30] However, Defendants assert that Mir Apparel has no association whatsoever with the Chamblee Location and cannot be held liable for counterfeit products that were sold there.

There is undoubtedly a dispute of material fact regarding the alleged connection between the two locations. Rumana Mir testified that she is the only member of Mir Apparel, LLC and supervises both the employees and the overall operations of the business.[31] But, two employees of Mir Apparel provided contradictory testimony regarding the connection. When asked if merchandise was ever moved from the Chamblee Location to the Doraville Location, employee Hossain testified: "Yes, when I was there, there was a big supply shipment. It was coming on Chamblee, and they drop it to Chamblee, because Chamblee has a dock. The Buford Highway does not have any dock. So it was dropped at Chamblee, and then it was taken to the Buford Highway by car."[32] He also testified that Khaled Mir hired him for the position at Mir Apparel in 2021.[33]

---

[30] ECF 49-1, at 5.

[31] ECF 52-2, ¶¶ 5–6.

[32] ECF 49-6, at 31.

[33] *Id.* at 13.

The same contradiction appears throughout Mir Apparel employee Uzzal Hossen's testimony. While Hossen testified that the Doraville Location was Mir Apparel's only location and that there was no separate warehouse,[34] he also testified to multiple ways in which the Chamblee and Doraville Locations were intertwined. For example, he averred that Khaled Mir worked at "the Buford Highway retail location" in 2020-2021 and took care of customers and "organize[d] the supply."[35] Additionally, when asked whether he ever visited the Chamblee Location, Hossen confirmed that he went there to pick up a Mir Apparel invoice from Khaled Mir and to pick-up Mir Apparel "product" sent to the Chamblee Location.[36] This contradictory evidence demonstrates disputes of material fact regarding the extent of the connection between the Chamblee and Doraville Locations such that summary judgment is inappropriate as to either Plaintiff or Mir Apparel.

## IV. CONCLUSION

Plaintiff's motion for summary judgment [ECF 49] is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Plaintiff's motion for summary

---

[34] ECF 49-7, at 14–15.

[35] *Id.* at 14.

[36] *Id.* at 17–18.

judgment as to Khaled Mir. However, because the Court finds that there is a dispute of material fact as to whether Mir Apparel used the Ralph Lauren marks in commerce, Plaintiff's motion is **DENIED** as to Mir Apparel. Defendants' motion for summary judgment [ECF 52] is **DENIED** in its entirety.

The parties are ordered to file a joint proposed Pretrial Order within 30 days of this Order. The proposed Pretrial Order shall indicate, among other things, whether the trial will include resolving Plaintiff's damages claim against Khaled Mir, in addition to liability and damages against Mir Apparel. Simultaneously with the filing of their proposed Pretrial Order, counsel shall also file any updated leaves of absence, to include necessary leave dates for the parties and corporate representatives. Trial will be set thereafter without further notice.

**SO ORDERED** this 28th day of September, 2023.

Steven D. Grimberg<br>
United States District Court Judge